UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

2014 APR -4 PM 4:06

SAM SHIHATA,

    Plaintiff,

Case No. 3:14-cv-385-J-34JRK

JURY TRIAL DEMANDED

v.

ACCELERATED RECEIVABLES
MANAGEMENT, INC.

    Defendant.

## COMPLAINT

Plaintiff, Sam Shihata, by and through his undersigned counsel, hereby files suit against the Defendant, Accelerated Receivables Management, Inc., and alleges as follows:

1. This is an action for damages for violations of the Fair Debt Collection Practices Act (hereinafter, the "FDCPA"), 15 U.S.C. § 1692, *et seq.* and the Florida Consumer Collection Practices Act, Fla. Stat. 595.55 *et seq.* (hereinafter, the "FCCPA").

2. The FDCPA was enacted "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

3. The FCCPA was enacted to provide additional protections to Florida residents and consumers against abusive debt collection practices.

## PARTIES

4. Plaintiff, is an individual residing in Jacksonville, Florida.

5. Plaintiff is a "consumer" within the meaning of Section 803 of the FDCPA and Section 595.55(2) of the FCCPA, in that the alleged debt that the Defendant sought to collect from her was originally incurred, if at all, for personal, family or household purposes and is therefore consumer debt within the meaning of 15 U.S.C. § 1692a(5).

6. Defendant is a Florida entity authorized to conduct business in the State of Florida. Defendant's principal place of business is located in Jacksonville, Florida.

7. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, debts owed or due or asserted to be owed or due another as one of its principal areas of business. As such, Defendant is a "debt collector" within the meaning of the FDCPA and a "person" subject to regulation under the FCCPA.

## JURISDICTION AND VENUE

8. This court has federal question jurisdiction pursuant to 15 U.S.C. § 1692k (d) and 28 U.S.C. § 1331, since certain claims alleged against the Defendant arose under the FDCPA. This Court has supplemental jurisdiction over Plaintiff's state claims.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2), in that a substantial portion of the acts giving rise to this action occurred in this District.

## STATEMENT OF FACTS

10. Plaintiff allegedly incurred a debt to SafeTouch Security. The subject debt was a "consumer debt" for purposes of the FDCPA in that the underlying monetary obligation was for personal, family, or household purposes.

11. In or about November, 2013, a representative of Defendant named Stacy called Plaintiff on his work number. During this call, Stacy informed Plaintiff that she is calling from a law firm representing SafeTouch Security. Stacy informed Plaintiff that she had been trying to reach him to settle a bill. Plaintiff advised Stacy that he would prefer to call SafeTouch Security to find out what is

2

going on. At this time, Stacy informed Plaintiff that she was having trouble keeping the bill off the "lawyer's desk" and that she would have to move forward in a couple of days with legal action.

12. Several days following the foregoing telephone call, on November 24, 2013, the same Defendant's representative called Plaintiff. During the call, the woman told Plaintiff that he was wasting her time, that she has a job to do, and that she will now have to put Plaintiff's account on the "lawyer's desk." The woman told Plaintiff that she would use his words against him in court, and they she has been recording his calls. Plaintiff grew upset as the Defendant's representative never received the required permission to record their telephone conversation. Thereafter, Plaintiff advised the woman that she cannot call on his work number, and he then gave the woman his home number. Notably, during this call the Defendant did not inform Plaintiff that she was a debt collector attempting to collect a debt.

13. On January 30, 2014, Defendant sent or caused to be sent to Plaintiff a letter attempting to collect a debt. The creditor was not identified on the letter. (A copy of the foregoing letter is attached hereto as Exhibit A).

14. On February 24, 2014, the aforementioned representative of Defendant called Plaintiff on his work number despite Plaintiff's request for Defendant not to call such number. The woman stated "this is Stacy from ARM, I work for the law firm representing Safe Touch. I'm having a lot of difficulty keeping this off the lawyer's desk, I don't know how much longer we can wait." In response, Plaintiff stated "I previously gave you my home and personal mobile number and told you not to call my work phone." Plaintiff then informed the Defendant again that he cannot speak on his work number regarding personal matters. Defendant responded by stating "but are you going to pay the bill or do we need to move forward with legal action?" Notably, Defendant did not inform Plaintiff during the call that she was a debt collector attempting to collect a debt.

3

15. On March 31, 2014, a representative of Defendant, Mike Beck, called Plaintiff on his work number despite Plaintiff's repeated requests that Defendant refrain from calling such number. During the call, the Defendant did not inform Plaintiff that he was a debt collector attempting to collect a debt. During the call, Plaintiff again informed Defendant that he cannot receive calls on his work number.

16. The above-referenced conduct was a willful attempt by Defendant to engage in conduct which was reasonably expected to abuse or harass Plaintiff and give Plaintiff the implication that Defendant is or is associated with an attorney and that legal action had been taken or would be taken immediately.

## COUNT I
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 *et seq.*

17. Plaintiff incorporates paragraphs 1 through 16 of this Complaint as though fully stated herein.

18. The foregoing acts and omissions of Defendant violate 15 U.S.C. §§ 1692e(2)(A), 1692e, 1692e(10), 1692e(11), 1692c(a)(3) and 1692e(5).

19. As a result of Defendant's violation, Plaintiff is entitled to statutory damages in an amount of $1,000, plus his reasonable attorney's fees and costs.

WHEREFORE, Plaintiff demands a judgment against Defendant for statutory damages, actual damages, reasonable attorney's fees and costs.

## COUNT II
## VIOLATION OF FLORIDA'S CONSUMER COLLECTION PRACTICES ACT

20. Plaintiff incorporates paragraphs 1 through 16 of this Complaint as though fully stated herein.

21. The foregoing acts and omissions of Defendant violate the FCCPA, Fla. Stat. §§ 559.72(7), and 559.72(12).

22. As a result of Defendant's violations, Plaintiff is entitled to statutory damages in an amount of $1,000 per subsection violated of the FCCPA, plus his reasonable attorney's fees and costs.

WHEREFORE Plaintiff demands a judgment against Defendant for statutory damages, actual damages, reasonable attorneys' fees, and costs.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

/s/ *Paul R. Fowkes*
Paul R. Fowkes, Esq.
Fla. Bar No. 723886
pfowkes@DFHlawfirm.com
**DISPARTI FOWKES & HASANBASIC, P.A.**
2203 North Lois Avenue, Suite 830
Tampa, Florida 33607
(813) 221-0500
(813) 228-7077 (Facsimile)
*Attorneys for Plaintiff*

# EXHIBIT A

# Accelerated Receivables Management, Inc.

3740 Beach Blvd., Ste. #307-A  
Jacksonville, Florida 32207

Telephone: (904) 398-7861  
Fascimile: (904) 562-5245  
Toll free: 1-800-250-8546

I4177235

01-30-2014

SAM SHIHATA  
1536 CELLAR CIRCLE  
JACKSONVILLE, FL 32225

Dear Mr./Ms. SHIHATA:

Balance: $1487.3  
Client Account #: 7C1325

Numerous attempts to resolve this matter have failed.

Please contact my office immediately for an amicable solution.

For your convenience we accept all major credit cards and checks by phone free of charge. You can also make payments via Moneygram Express.

Please disregard this notice if you have already remitted your payment or made suitable arrangements with our office.

Very truly yours,

Collection Department

This communication is from a debt collector and is an attempt to collect a debt. Any information obtained shall be used for that purpose.